# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# PINE BLUFF DIVISION

**DAVID CHAPMAN**                                                                               **PETITIONER**

**VS.**                                       **CASE NO. 5:05CV00132 SWW/HDY**

**LARRY NORRIS, Director of the**
**Arkansas Department of Correction**                           **RESPONDENT**

## FINDINGS AND RECOMMENDATION

### INSTRUCTIONS

       The following recommended disposition has been sent to United States District Court Judge Susan Webber Wright. Any party may serve and file written objections to this recommendation. Objections should be specific and should include the factual or legal basis for the objection. If the objection is to a factual finding, specifically identify that finding and the evidence that supports your objection. An original and one copy of your objections must be received in the office of the United States District Court Clerk no later than eleven (11) days from the date of the findings and recommendations. The copy will be furnished to the opposing party. Failure to file timely objections may result in waiver of the right to appeal questions of fact.

       If you are objecting to the recommendation and also desire to submit new, different, or additional evidence, and to have a hearing for this purpose before the District Judge, you must, at the same time that you file your written objections, include the following:

    1.    Why the record made before the Magistrate Judge is inadequate.

    2.    Why the evidence proffered at the hearing before the District Judge (if such a hearing is granted) was not offered at the hearing before the Magistrate Judge.

    3.    The detail of any testimony desired to be introduced at the

hearing before the District Judge in the form of an offer of
proof, and a copy, or the original, of any documentary or
other non-testimonial evidence desired to be introduced at
the hearing before the District Judge.

From this submission, the District Judge will determine the necessity for an additional evidentiary hearing, either before the Magistrate Judge or before the District Judge.

Mail your objections and "Statement of Necessity" to:

Clerk, United States District Court
Eastern District of Arkansas
600 West Capitol Avenue, Suite 402
Little Rock, AR 72201-3325

**DISPOSITION**

Now before the Court is the application for writ of habeas corpus pursuant to 28 U.S.C. §2254 of David Chapman, an inmate in the custody of the Arkansas Department of Correction (ADC). Mr. Chapman challenges his disciplinary court conviction stemming from a disciplinary charge dated November 18, 2004, while he was housed at the ADC's Varner Unit. As a result of his disciplinary convictions for failure to obey verbal and/or written orders of staff and for creating unnecessary noise, he was sentenced to fifteen days in punitive isolation, and was reduced to class IV status.

In his petition for habeas corpus relief, Mr. Chapman advances the following claims:

1. His right to due process was violated because the disciplinary had expired prior to the hearing date;

2. His right to due process was violated because he was not allowed to go to disciplinary court;

3. His right to due process was violated because he was denied his right to be heard, his right to call witnesses, his right to present documentary evidence, his right to an impartial tribunal, and his right to inspect the evidence against him; and

4. The evidence was insufficient to support the disciplinary court convictions.

For relief, the petitioner asks that his disciplinary conviction be expunged from his record

and that he receive $45.00 per day for each of the fifteen days he served in punitive isolation.

The respondent contends the petition should be dismissed without prejudice for failure to exhaust available state court remedies. The respondent also argues the petition should be dismissed for failure to state a claim since a federal habeas corpus action is not the proper avenue to review the ruling of the prison disciplinary court decision. Specifically, the respondent notes that the petitioner may be challenging the conditions of his confinement rather than the duration of his sentence. If so, the respondent argues that the proper course of action for the plaintiff is a petition pursuant to 42 U.S.C. § 1983.

The initial inquiry is whether this is properly viewed as a habeas corpus action or a section 1983 suit. If the petitioner is seeking immediate or speedier release from prison, then the case is properly characterized as a habeas corpus action. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Although the petitioner does not specifically request that his sentence be shortened, the practical effect of his request would be to do so. His disciplinary conviction resulted in his demotion to class IV status. By Arkansas statute, inmates with higher classification status earn greater good time than inmates with lower status. Inmates at the lowest class do not earn any good time. Ark. Code Ann. 12-29-202. Thus, the practical effect of the petitioner's demotion to Class IV status is to reduce his ability to earn meritorious good time and thereby shorten his term of imprisonment. As a result, we find this case is properly brought as a habeas corpus action.

The respondent contends that the petition should be dismissed due to the petitioner's failure to exhaust remedies available to him in state court. Questions of available state remedies require this Court to look to the provisions of 28 U.S.C. 2254(b) and (c). These subsections codify the doctrine of comity by requiring the exhaustion of state remedies prior to bringing federal habeas corpus claims. *Lenza v. Wyrick*, 665 F.2d 804 (8th Cir. l98l). This exhaustion requirement is necessary in order to afford the state courts the opportunity to correct any constitutional errors before federal courts intervene. *Id*. However, this requirement will not be construed so as to require the filing of repetitious or futile applications for relief in state court.

3

*Powell v. Wyrick*, 62l F.2d 92l, 923 (8th Cir. l980). In addition, a federal court should defer action only "if there is some reasonable probability that the relief which the petitioner seeks will actually be available to him." *Powell v. Wyrick*, 657 F.2d at 224. Consequently, we must determine whether the petitioner has an available remedy in state court.

The respondent contends there may be three avenues for state court relief which the petitioner has not yet pursued. First, the respondent points to the Arkansas Administrative Procedure Act ("APA"). The respondent also contends the petitioner could pursue relief under the Arkansas Civil Rights Act of 1993 ("ACRA"). Finally, the respondent urges the petitioner could seek relief pursuant to an application for writ of mandamus or declaratory judgment in state court.

With respect to the APA, the Court notes that the Arkansas legislature, effective July 16, 2003, has excluded prison disciplinary convictions from consideration under the APA. As a result, we decline to find that the petitioner can pursue this avenue for state court relief.

The second avenue for relief suggested by the respondent is the Arkansas Civil Rights Act of 1993. However, we find no real promise of relief for the petitioner who, like Mr. Chapman, complains of errors in the disciplinary court process and seeks a decrease in his sentence. As a result, we are not persuaded that he has failed to exhaust his remedies with regard to the first two avenues cited by the respondent.

The third avenue for relief, however, is available to Mr. Chapman. The request for declaratory relief and writ of mandamus is a procedure whereby the petitioner may challenge the execution and computation of his sentence. In *Michalek v. Lockhart*, 292 Ark. 301, 730 S.W.2d 210 (1998), an inmate utilized this procedure to challenge his classification for parole purposes. This procedure has been used by other inmates in similar circumstances. *St. John v. Lockhart*, 286 Ark. 234, 691 S.W.2d 148 (1985); *Bargo v. Lockhart*, 279 Ark. 180, 650 S.W.2d 227 (1983). The petitioner's claim in this case is, in part, that the disciplinary court conviction

resulted in a decrease in class status which in turn has resulted in an improper computation of his sentence. This claim would appear to be cognizable in state court.

If a state procedure is available, it cannot be said that the exhaustion requirement of 28 U.S.C. §2254 has been satisfied. This is precisely the situation at bar. Mr. Chapman can challenge the calculation of his sentence in state court by filing for declaratory relief and writ of mandamus. He has not filed such an action raising this ground for relief.

As a result of the foregoing, we recommend that the petition for writ of habeas corpus be dismissed without prejudice to allow the petitioner to pursue relief in state court.

IT IS SO ORDERED this  25   day of July, 2005.

_____
UNITED STATES MAGISTRATE JUDGE